1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Minor TASIA R., by and through her Guardian ad Litem, STACY READY, | CASE NO. 13cv2874-WQH-DHB |
| Plaintiff, | ORDER |
| vs. | |
| GROSSMONT UNION HIGH SCHOOL DISTRICT, CITY OF EL CAJON, LEROY JASON BECKER, III, RANDY REID, JENEE LITTRELL, PAT KEELEY, and DOES 1-50, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss the Complaint ("Motion to Dismiss") filed by Defendants Grossmont Union High School District, Randy Reid, Jenee Littrell and Pat Keeley (collectively, "moving Defendants"). (ECF No. 9).

## I.    Background

On December 3, 2013, Plaintiff Tasia R., by and through her Guardian ad Litem, Stacy Ready ("Tasia") initiated this action by filing a Complaint in this Court. (ECF No. 1).

### A.    Allegations of the Complaint

On March 2, 2013, Tasia was a 10th grade student at Chaparral High School, which is part of Defendant Grossmont Union High School District ("School District"), a public school district located in the City of El Cajon ("City"), California. On March

2, 2013, at approximately 9:15 a.m., "school officials ran a narcotics detector dog through the school." *Id.* ¶ 13. After the dog completed its search, the school's assistant principal, Defendant Jenee Littrell, instructed Tasia to accompany her to the principal's office. At the principal's office, Tasia asked to be permitted to call her mother, but Littrell refused to allow her to do so.

Shortly after Tasia was taken to the principal's office, Defendant Leroy Jason Becker entered the office. "Becker is provided to Chaparral High School by the City's Police Department for campus security and student safety. Accordingly, he is an employee of the City and an agent of the School District while acting as a school resource officer (as he was in the instant case)." *Id.* ¶ 16. At the time of the incident, Tasia was 15 years old and weighed approximately 140 pounds, while Becker was an adult who weighed over 240 pounds.

Becker ordered Tasia to sit down, and Tasia refused. "A verbal exchange ensued, after which Officer Becker grabbed Tasia and handcuffed Tasia's hands behind her back." *Id.* ¶ 17. After handcuffing Tasia, Becker took Tasia to another office and sat her in a chair. "Following another acrimonious exchange between Tasia and ... Becker, Becker grabbed Tasia and slammed her to the ground." *Id.* ¶ 19. Tasia "began screaming that she was hurt. However, ... Becker continued to keep his weight on her back and refused to let her up." *Id.* ¶ 21. Tasia began screaming for the school nurse. Upon hearing Tasia's screams, the school nurse entered the office, briefly evaluated Tasia, and informed Becker that Tasia needed immediate medical attention. "Becker ... brought Tasia to her feet, [and] he placed a white hood over her head." *Id.* ¶ 26. Becker then called Tasia's mother, Stacy Ready, and told Ready that "Tasia had gotten into trouble and that the school administrators were sending her for a medical evaluation." *Id.* ¶ 27.

When the paramedics arrived at the school, "Tasia had a swollen and blooded face, carpet burns on her arms, and a broken clavicle bone. The white hood was still over Tasia's head, and her hands remained painfully handcuffed behind her." *Id.* ¶ 28.

1   The paramedics transported Tasia to the hospital, accompanied by Becker.  "Despite
2   Tasia's continued pleas, ... Becker refused to remove the handcuffs." *Id*.  X-rays taken
3   at the hospital confirmed that Tasia had a broken clavicle bone.

4        "During Defendant Becker's assault on Tasia, Defendant Reid [an employee of
5   the School District] was present in the room and made no effort to intervene and protect
6   Tasia or to deter Defendant Becker in any way, despite the fact that Tasia was
7   screaming that she was hurt and yelling for the nurse."  *Id*. ¶ 23.  During Becker's
8   assault on Tasia, Defendants Littrell and Keeley (both employees of the School District)
9   "heard Tasia screaming, but did not investigate why Tasia was screaming, attempt to
10  intervene and protect Tasia, or attempt to deter Defendant Becker in any way." *Id*. ¶¶
11  24, 25.

12       The Complaint alleges the following causes of action: (1) excessive force in
13  violation of 42 U.S.C. § 1983 against Becker; (2) excessive force/failure to intervene
14  in violation of 42 U.S.C. § 1983 against Reid, Littrell, and Keeley; (3) violation of the
15  Bane Act, California Civil Code §§ 51-52, against all Defendants; (4) battery against
16  Becker, the City and the School District; and (5) negligence against all Defendants.  The
17  Complaint seeks compensatory damages and attorneys' fees against all Defendants and
18  punitive damages against Becker.

19       **B.    Motion to Dismiss**

20       On May 21, 2014, the moving Defendants filed the Motion to Dismiss, seeking
21  the dismissal of all claims against them pursuant to Federal Rules of Civil Procedure
22  12(b)(1) and 12(b)(6).  (ECF No. 9).  All moving Defendants contend that they are
23  immune from suit pursuant to the Eleventh Amendment to the U.S. Constitution.  With
24  respect to the second cause of action for excessive force pursuant to § 1983, Reid,
25  Littrell, and Keeley contend that they are entitled to qualified immunity and the cause
26  of action fails to state a claim upon which relief can be granted.  With respect to the
27  third cause of action for violation of the Bane Act and the fifth cause of action for
28  negligence, Reid, Littrell, and Keeley contend that the causes of action fail to state a

claim upon which relief can be granted. The moving Defendants contend that, "[i]n addition to Eleventh Amendment and qualified immunity, there simply can be no cause of action, under any of the theories asserted by Plaintiff, for a civilian's failure to intervene in a police officer's actions while in the course of duty." (ECF No. 9-1 at 22).

On June 30, 2014, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 14). Plaintiff contends that the motion should be denied in its entirety. Plaintiff contends that at the time Becker assaulted Tasia, Becker was acting as the agent of the moving Defendants, and "they had a duty to supervise and control Defendant Becker's conduct while he was interacting with students." (ECF No. 14-1 at 10). Plaintiff contends that the moving Defendants have a special relationship with students that includes a duty to protect students from unlawful assaults by third persons. Plaintiff requests leave to amend the Complaint if the Motion to Dismiss is granted.

On July 7, 2014, the moving Defendants filed a reply brief. (ECF No. 15).

**II.    Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**III.   Discussion**

### A.   Eleventh Amendment Immunity

#### 1.   School District

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)).  It is undisputed that the School District is an agency of the State of California. *See* Compl. ¶ 9, ECF No. 1; *see also Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992) (holding that a California public school district is immune to suit under the Eleventh Amendment).  Plaintiff has pointed to no relevant unequivocal waiver of immunity by the School District or the State of California.  The Court finds that the School District is immune from suit pursuant to the Eleventh Amendment.  The Motion to Dismiss all claims against the School District is granted.

#### 2.   Reid, Littrell and Keeley

Eleventh Amendment immunity also extends to state officials sued in federal court in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit

against the official but rather is a suit against the official's office."). However, a state official is not entitled to Eleventh Amendment immunity when the official is sued in his or her individual capacity only. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Romano*, 169 F.3d at 1185-86. Courts "presume[] that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued." *Romano*, 169 F.3d at 1186; *see also Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994) ("Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities. Any other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred.") (citation omitted).

The Complaint is silent as to the capacity in which Reid, Littrell and Keeley are being sued. The Court presumes that they each are being sued in their individual capacities only. The Motion to Dismiss Reid, Littrell and Keeley based upon Eleventh Amendment immunity is denied.

## B.    Section 1983 Claim

Reid, Littrell and Keeley move for the dismissal of the second cause of action for violation of § 1983 on the basis of qualified immunity and failure to state a claim upon which relief can be granted.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation omitted). The two prongs of the qualified immunity analysis are (1) "whether the facts that a plaintiff has alleged ... make out a violation of a constitutional right," and (2) "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Id*. at 232 (quotation omitted). "Qualified immunity is applicable unless the official's conduct violated a

clearly established constitutional right." *Id*.  Whether a right was clearly established must be determined "in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The Court first looks to binding precedent to see if the right is clearly established. *See Chappell v. Mandeville*, 706 F.3d 1052, 1056 (9th Cir. 2013).  "If none is on point, [the Court] may consider other decisional law." *Id*.  "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution.  Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934-35 (9th Cir. 2002).  "To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred under color of state law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id*. (quotation omitted).  "In order for a person acting under color of state law to be liable under section 1983, there must be a showing of personal participation in the alleged rights deprivation...." *Id*. (citations omitted).

Reid, Littrell and Keeley do not dispute that the Complaint alleges that they each acted under color of state law, and that Becker engaged in conduct that constituted excessive force in violation of Plaintiff's Fourth Amendment rights.  Reid, Littrell and Keeley contend that the Complaint fails to allege that they personally participated in any violation of Plaintiff's rights.  Plaintiff contends that "Defendants conveniently ignore the fact that, at the time he assaulted Tasia, Becker was acting as their agent (as the school resource officer).  As such, they had a duty to supervise and control Defendant Becker's conduct while he was interacting with students." (ECF No. 14-1 at 10).

"[P]olice officers have a duty to intercede when their fellow officers violate the

constitutional right of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). "[T]he constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd in part on other grounds*, 518 U.S. 81 (1996). An officer who fails to intervene when his fellow officers use excessive force to effect a seizure would be responsible, like his colleagues, for violating the Fourth Amendment. *See id.* Officers are liable for a breach of this duty only if they had "a realistic opportunity" to intercede. *Cunningham*, 229 F.3d at 1289.

Other than cases involving fellow police officers (such as *Cunningham*), Plaintiff cites no authority for the proposition that a failure to intercede in the actions of a police officer (or a "school resource officer" or other agent) can violate a clearly-established federal constitutional right. Although the Complaint alleges that Becker and the other individual Defendants were acting as agents of the School District, ECF No. 1 ¶¶ 5-8, 16, this allegation alone is insufficient for the Court to conclude that the relationship between Becker and the other individual Defendants is so analogous to the relationship between fellow police officers that a clearly-established duty to intercede would exist. *Cf. Cunningham*, 229 F.3d at 1289. The Complaint fails to allege sufficient facts to support the allegation that Reid, Littrell and Keeley had a duty under federal law to supervise and control Becker's conduct.

Even if the Complaint alleged adequate facts to show *Cunningham* applied, "officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Id.* The Complaint alleges that during Becker's assault on Tasia, Littrell and Keeley were not present in the room, and the Complaint does not adequately allege facts to show that either Littrell or Keeley had a realistic opportunity to intercede.

The Motion to Dismiss the § 1983 claim against Reid, Littrell and Keeley is granted.

### C.    Bane Act Claim

California Civil Code § 52.1, known as the "Bane Act," provides a cause of

action for interference "by threats, intimidation, or coercion" or attempted interference, "with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1(a). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007) (citing *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998)). "Civil Code section 52.1 does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right." *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004). "The statute was intended to address only egregious interferences with constitutional rights, not just any tort. The act of interference with a constitutional right must itself be deliberate or spiteful." *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012).

The Complaint fails to allege facts to show that Reid, Littrell and/or Keeley engaged in "threats, intimidation, or coercion" or interfered with Tasia's constitutional rights in a "deliberate or spiteful" manner. *Id.*; Cal. Civ. Code § 52.1(a). The Motion to Dismiss the Bane Act claim against Reid, Littrell, and Keeley is granted.

### D.    Negligence Claim

Under California law, "[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *McGarry v. Sax*, 158 Cal. App. 4th 983, 994 (2008) (quotations omitted). "As a general rule, one owes no duty to control the conduct of another, nor to warn those endangered by such conduct. Such

a duty may arise, however, if (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives the other a right to protection." *Virginia G. v. ABC Unified Sch. Dist.*, 15 Cal. App. 4th 1848, 1853 (1993) (quotation omitted).  "[A] special relationship is formed between a school district and its students so as to impose an affirmative duty on the district to take all reasonable steps to protect its students." *Id.* (quotation omitted); *cf. id.* (holding that a school district "had a duty to protect [plaintiff] from assaults by her teacher"); *Leger v. Stockton Unified Sch. Dist.*, 202 Cal. App. 3d 1448, 1458-59 (1988) ("[W]e think it obvious that the individual school employees responsible for supervising plaintiff [student], such as the principal and the wrestling coach, also had a special relation with plaintiff upon which a duty of care may be founded.").

The Complaint adequately alleges that Reid, Littrell and Keeley, as agents and employees of the school, had a duty of care to protect Tasia from harm which was reasonably foreseeable while Tasia was on school grounds.  *See Leger*, 202 Cal. App. 3d at 1459.  The Complaint alleges that Reid was in the same room as Tasia during Becker's alleged assault, but Reid "made no effort to intervene and protect Tasia or to deter ... Becker in any way, despite the fact that Tasia was screaming that she was hurt and yelling for the nurse."  (ECF No. 1 ¶ 23).  The Court finds that the Complaint adequately alleges the elements of a negligence cause of action against Reid.  The Complaint does not allege that Littrell and Keeley were in the room during the alleged assault, and the Complaint does not adequately allege facts to show that the assault should have been reasonably foreseeable to Littrell and/or Keeley or that Littrell and/or Keeley had a reasonable opportunity to prevent the assault after they heard Tasia's screams.  The Motion to Dismiss the negligence claim against Reid is denied, and the Motion to Dismiss the negligence claim against Littrell and Keeley is granted.

**IV.   Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED as to the

Bane Act claim against Reid and the § 1983 claim against Reid, and all claims against the School District, Littrell and Keeley; the Motion to Dismiss is DENIED as to the negligence claim against Reid. (ECF No. 9). All claims against the School District are DISMISSED with prejudice; the Bane Act claim against Reid and the § 1983 claim against Reid, and all claims against Littrell and Keeley, are DISMISSED without prejudice. No later than thirty (30) days from the date this Order is filed, Plaintiff may file a motion for leave to amend the Complaint, accompanied by a proposed first amended complaint.

DATED:  July 28, 2014

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge

13cv2874-WQH-DHB